# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: | : | CIVIL ACTION NOS. 18-CV-4672 |
|---|---|---|
| KEYSEAN L. KEYES, | : | 18-CV-4699 |
| Plaintiff. | : | 18-CV-4710 |

## MEMORANDUM

**KENNEY, J.**   NOVEMBER 29, 2018

Plaintiff Keysean L. Keyes, a prolific *pro se* filer who has been enjoined from filing lawsuits on an *in forma pauperis* basis in the Eastern District of New York, *see Keyes v. Quinn*, No. 17-CV-6429 (JMA), 2017 WL 6570869 (E.D.N.Y. Dec. 22, 2017); *Keyes v. Quinn*, Civ. A. No. 17-6429 (E.D.N.Y) (ECF No. 8 at 3), filed ten lawsuits in this District over the course of three days. Keyes' lawsuits here predominately concern a criminal proceeding brought against her in Nassau County, New York, a bench warrant issued for her arrest in connection with that proceeding, and her desire to "transfer" her criminal case to this Court.

In a Memorandum and Order docketed on November 5, 2018, the Honorable Cynthia M. Rufe dismissed six of Keyes' Complaints after granting her leave to proceed *in forma pauperis*, and ordered Keyes to show cause why she should not be enjoined from filing any more civil, *in forma pauperis*, non-*habeas* cases in this Court that concern her underlying criminal case in Nassau County, or that name Defendants she named in those Complaints. *See In re Keyes*, --- F. Supp. 3d ----, Nos. 18-CV-4670, 18-4671, 18-4692, 18-4693, 18-4709, & 18-4714, 2018 WL 5793157, at \*\*7-8 (E.D. Pa. Nov. 2, 2018). Keyes has not yet responded to that Order. Since the issuance of that Memorandum and Order, the above three cases filed by Keyes—Civil Action Numbers 18-4672, 18-4699, and 18-4710—were assigned to the undersigned. For the following

1

reasons, the Court will grant Keyes leave to proceed *in forma pauperis* and dismiss her Complaints.

I.     **FACTS AND PROCEDURAL HISTORY**[1]

    **A.   Keyes' Criminal Proceeding in Nassau County**

Keyes was arrested in Nassau County, New York on or about April 26, 2018, and criminally charged with disorderly conduct, Case Number CR-014288-18NA. It appears that Keyes was given an attorney in connection with that case. Keyes was due for an appearance in state court in Nassau County on October 31, 2018 in connection with the charge. On October 30, 2018, Keyes arrived in the Eastern District of Pennsylvania and began filing lawsuits in this Court.

    **B.   Keyes Files Ten Lawsuits in the Eastern District of Pennsylvania**

As noted above, Keys filed ten lawsuits over a three-day period. During these three days, she spent almost the entire day in the Clerk's Office. All but three of Keyes' cases have been dismissed or transferred. Keyes' filings are often difficult to read because of her handwriting. They are also somewhat difficult to understand. As the group of cases appear interrelated, and as Keyes' allegations are more easily understood by reading her Complaints together, the Court will review all of her filings here.

        **1.   Keyes Files Three Lawsuits on October 30, 2018**

On October 30, 2018, Keyes filed three lawsuits. Her first case, *Keyes v. Wilson*, Civ. A. No. 18-4670 (E.D. Pa.), named as Defendants Stanley William Wilson, Valerie Wilson, Shawnette Wilson, Wilbert Wilson, and Tysleem Wilson. Keyes alleged that Stanley Wilson tried to run her over in the Bronx and committed other crimes against her. Keyes indicated on

---

[1] The following facts are taken from Keyes' Complaints and public dockets.

2

the form complaint that she sought to invoke the Court's federal question jurisdiction based on "hate crime" and "violence." (Civ. A. No. 18-4670, Compl. ECF No. 2, at 5.)[2] Keyes also filed an "emergency" motion for an attorney, claiming that she feared for her life. (*Id.* ECF No. 3.)

Keyes' second case, *Keyes v. Groder*, Civ. A. No. 18-4671 (E.D. Pa.), named as Defendants Jeffrey Groder, Judge Harris, Police Officer O'Connell, the "Warrant Commissioner PA," and a "Warrant Commissioner Officer," and referenced Keyes' criminal proceeding in Nassau County. It appears that Groder is an attorney assigned to represent Keyes in her criminal matters, and that Judge Harris presided over Keyes' recent criminal matter in Nassau County.

Keyes appeared to be alleging that she should not have been charged with disorderly conduct and that the state court is "dragging the case on instead of dropping the case." (Civ. A. No. 18-4671 Compl. ECF No. 2 at 6.) She asked to transfer the Nassau County case to the Eastern District of Pennsylvania because of "domestic abuse." (*Id.*) Keyes asserted that "[i]f there is a warrant put out for [her] arrest [illegible] Jeffrey Groder is responsible." (*Id.* at 7.) She also suggested that the Chief Judge of this Court might be responsible because she spoke to Clerk's Office staff in this district but was informed that she "cannot do a transfer without NYC filing a motion" and that "due to the color of [her] skin [she] [has] been refused to be heard in the State of Philadelphia." (*Id.*) Keyes also filed an "emergency" motion for an attorney to represent her in her state criminal case and for the Eastern District of Pennsylvania to accept her criminal case.

In her third lawsuit, *Keyes v. U.S. District Court Eastern District of Pennsylvania*, Civ. A. No. 18-4672, which is currently pending before the Court, Keyes names as Defendants the United States District Court for the Eastern District of Pennsylvania, Donald Trump, Judge

---

[2] The Court adopts the pagination assigned to Keyes' filings by the CM-ECF docketing system.

3

Harris, Chief Judge Juan Sánchez, and Jeffrey Groder. Keyes alleges that President Trump "went against the 13[th] Amendment" apparently by committing "violence against [her] for being black and a Christian." (Civ. A. No. 18-4672 Compl. ECF No. 2 at 5.) She claims that President Trump tried to run her over, jailed her uncle, tried to have her arrested, and is involved in "gangs such as Mafia, Ku Klux Klan which and who are called illuminati." (*Id.* at 6.) Keyes also contends that President Trump hates her because she is black and caused her to be homeless, and that Groder has not helped her. It is not clear why she included Chief Judge Sánchez or this Court as Defendants.

### 2. Keyes Files Four Lawsuits on October 31, 2018

The next day, rather than appearing for her court date in Nassau County, Keyes returned to this Court and filed four more lawsuits. The first, *Keyes v. Nassau County Police Headquarters and Warrant Squad*, Civ. A. No. 18-4692, named as Defendants the "Nassau County Police Headquarters and Warrant Squad," the "Philadelphia PA Police," and "PA Nassau County District." Keyes alleged that Groder (who was not named as a Defendant) was responsible for a warrant issuing against her in her Nassau County case. She asked "that the warrant be vacated" and the case be transferred to this Court because Wilson and an individual identified as Ousmane allegedly abused her. (Civ. A. No. 18-4692 Compl., ECF No. 2 at 6.) Keyes added that if she is "considered dead by the NYC state and Nassau County State [then] the court case does not and should not exist." (*Id.*) Keyes also claims to be a victim of "racial abuse," apparently because "white people," Donald Trump and others "want [her] to [do] time in jail for no reason but violating the law." (*Id.*) Along with her Complaint, Keyes filed an "emergency" motion asking this Court to accept a transfer of her Nassau County case and to

vacate a warrant issued against her by Judge Harris, presumably as a result of Keyes' failure to appear at her court date.

In her second case, *Keyes v. Sourmane*, Civ. A. No. 18-4693, Keyes named as Defendants Ousman Sourmane, Helen Sourmane, Zeini Tamiyu and a John Doe Defendant. Keyes alleged that Ousman Sourmane married her in 1996 but left her the next day and married another woman (apparently Helen Sourmane). Keyes indicated that, via her lawsuit, she sought to file for divorce. She also noted that her alleged former husband committed adultery with over twenty women.

Keyes' third case, *Keyes v. Wilson*, Civ. A. No. 18-4694, named as Defendants Stanley William Wilson, Donald Trump, and Judge Darlene Harris. Keyes referenced the disorderly conduct case pending in Nassau County and alleged that Judge Harris issued a warrant. She further alleged that in 2012, Wilson "made an illegal statement that [she] was dead base solely so he can kill [her]." (Civ. A. No. 18-4694 Compl. ECF No. 2 at 6.) Keyes asserted that Wilson and President Trump want to have her killed, jailed, or institutionalized.

In her fourth lawsuit filed on October 31, 2018, *Keyes v. Adams*, Civ. A. No. 18-4699, which is currently pending before the Court, Keyes named as Defendants Thomas Adams, Judge Harris, District Attorney Warren Truver (also identified as "Attorney Warren Truver"), "District Attorney of Pennsylvania," Attorney Jeffrey Groder, Attorney John Doe, Judge Juan Sánchez, Stanley William Wilson, Ovsmen Sommarie (apparently the same individual as Ousman Sourmane, but spelled differently, perhaps attributable to Keyes' difficult-to-read handwriting), and President Trump. Civil Action Number 18-4699 again focuses on the fact that a warrant issued for Keyes' arrest, that Groder was not representing her, and that she is the victim of racial abuse. Keyes again indicates that she wants the Eastern District of Pennsylvania to accept her

Nassau County criminal case and dismiss the charges. She also filed a motion "on the behalf of the law 13th Amendment, slavery, abolished," which concerns her criminal case in Nassau County. (Civ. A. No. 18-4699 ECF No. 3.)

### 3. Rulings on "Emergency" Motions

Because Keyes labeled several of her motions as "emergency" motions, the Honorable Gerald A. McHugh addressed Keyes' emergency filings in Civil Action Numbers 18-4670, 18-4671 and 18-4692 in his capacity as emergency judge. In Orders dated October 31, 2018, which were entered on the docket on November 1, 2018, Judge McHugh found Keyes' initial Motions to Proceed *In Forma Pauperis* in Civil Action Numbers 18-4670 and 18-4671 insufficient because she did not provide any financial information whatsoever or otherwise explain how she supported herself. Accordingly, Judge McHugh denied those Motions without prejudice to Keyes returning with complete motions. He also denied without prejudice Keyes' emergency motions for an attorney in those cases.

In an Order dated and entered on the docket on November 1, 2018, Judge McHugh, in his capacity as emergency judge, granted Keyes' Motion to Proceed *In Forma Pauperis* in Civil Action Number 18-4692 in light of Keyes' inclusion in that Motion a representation that she is currently homeless. Judge McHugh also denied Keyes' emergency motion for a transfer of her criminal case to this Court on the basis that this Court lacks authority to grant that relief. In the meantime, Keyes had filed two additional motions in that matter.

### 4. Keyes Files Three More Lawsuits on November 1, 2018

Keyes returned to the Court on November 1, 2018 and filed three additional lawsuits. In her first lawsuit, *Keyes v. Nassau County District Court*, Civ. A. No. 18-4709, Keyes named as Defendants the Nassau County District Court, Judge Darlene Harris, Legal Aid Society (which

6

appears to have provided Keyes counsel in her criminal cases), and the Nassau County Police Headquarters. The Complaint in Civil Action Number 18-4709 again concerned the bench warrant issued against Keyes on October 31, 2018, and her dissatisfaction with the state court and counsel's handling of her criminal matter in Nassau County. Keyes contended that she has been abused, suggested that she may be dead, claimed she has been subject to racial abuse, and asked to see an emergency judge to vacate her bench warrant and accept jurisdiction over her criminal matter. Keyes filed another "emergency" motion seeking vacatur of the warrant.

In her second lawsuit, *Keyes v. U.S. District Court Eastern District of Pennsylvania*, Civ. A. No. 18-4710, which is currently pending before the Court, Keyes named as Defendants the U.S. District Court for the Eastern District of Pennsylvania and Judge McHugh. Keyes alleges that Judge McHugh strayed from the law "due to the color of [her] skin" by refusing to vacate the warrant issued against her in connection with his rulings on her Motions in Civil Action Numbers 18-4670, 18-4671, and 18-4692. (Civ. A. No. 18-4710, Compl. ECF No. 2 at 6.) She also accuses Judge McHugh of being a member of the Ku Klux Klan, and filed a Motion reiterating her accusations without requesting any particular relief.

Keyes' third lawsuit, *Keyes v. New York City Judges*, Civ. A. No. 18-4714, named as Defendants "New York City Judges," "New York State Judges," "New York State of New Jersey Judges," "New York City and State Lawyers," Tammy Sapricone, Tammy Robins, Jeffrey Groder, and Judge Harris. Keyes claimed that judges and lawyers have "strayed from the law" by "putting the black people in jail." (Civ. A. No. 18-4714 Compl. ECF No. 2 at 5.) Keyes claimed to have been "racially abuse[d] since 2012 to now 2018" for various reasons, including being assaulted by Stanley Wilson, President Trump attempting to murder her, and being homeless and hungry. (*Id.* at 6.) She added that the "Ku Klux Klan [has] been getting away with

murders because they are court clerks, court officers, court judges, court lawyers, who are white." (*Id.* at 7.)

Keyes filed a motion with her Complaint in which she alleged she has been falsely charged because she is a black woman. She also filed renewed Motions to Proceed *In Forma Pauperis* in Civil Action Numbers 18-4670 and 18-4671, which stated that she cannot afford to prepay the fees to commence this action because she is homeless.

### 5. Judge Rufe Addresses Six of Keyes's Cases and Orders Her to Show Cause

In a Memorandum and Order docketed on November 5, 2018, Judge Rufe granted Keyes leave to proceed *in forma pauperis* and dismissed her Complaints pursuant to 28 U.S.C. § 1915(e)(2)(B) in six of the cases she filed during the three-day period from October 30, 2018 through November 1, 2018. *See In re Keyes*, --- F. Supp. 3d ---- , Nos. 18-CV-4670, 18-4671, 18-4692, 18-4693, 18-4709, & 18-4714, 2018 WL 5793157, at *8 (E.D. Pa. Nov. 2, 2018).

First, Judge Rufe observed that many of Keyes' claims were factually frivolous, noting for example, that she claimed President Trump tried to run her over and that the criminal charges against her should not exist because she might be dead. Second, Judge Rufe explained that the Court could not vacate the warrant issued for Keyes' arrest in Nassau County because federal courts may not intervene in state proceedings and, if Keyes was attempting to remove her state case to federal court, she was in the incorrect venue. Third, Judge Rufe explained to Keyes that Judge Harris—the Judge presiding over Keyes' criminal case in Nassau County—was entitled to absolute judicial immunity from any civil rights claims. Fourth, Judge Rufe informed Keyes that Groder, her attorney, is not a state actor subject to liability for alleged constitutional violations under 42 U.S.C. § 1983. Finally, Judge Rufe found no basis for exercising jurisdiction over

8

claims against Ousman Sourmane and Stanley Wilson regarding their alleged abuse of Keyes' and Keyes' desire for a divorce from Sourmane.

In light of Keyes' filing history in the Eastern District of New York and in this District, Judge Rufe directed Keyes to show cause as to why she should not be enjoined from filing any more civil, *in forma pauperis*, non-*habeas* cases in this Court that concern her underlying criminal case in Nassau County, or that name the Defendants she has already named in the six Complaints addressed by Judge Rufe. Keyes has not yet responded to the Judge Rufe's Order.

### 6. Judge Pratter Transfers One of Keyes' Cases to New York

One of Keyes' cases, *Keyes v. Wilson*, Civ. A. No. 18-4694, was assigned to the Honorable Gene E.K. Pratter. In an Order docketed November 14, 2018, Judge Pratter transferred that case to the Eastern District of New York, pursuant to 28 U.S.C. § 1406, after finding no basis for venue in this District.

### 7. Keyes' Three Remaining Cases are Assigned to the Undersigned

On November 19, 2018, Keyes' three outstanding cases—Civil Action Numbers 18-4672, 18-4699, and 18-4710—were assigned to the undersigned. As noted above, Civil Action Numbers 18-4672 and 18-4699 raise allegations similar to Keyes' other filings, *i.e.*, that she is subject to "racial abuse," that President Trump dislikes her, and that she is dissatisfied for various reasons with her Nassau County case and would prefer if the case were handled by this Court. Civil Action Number 18-4710 is predicated on Keyes' unhappiness with Judge McHugh's initial rulings on Motions in three of her cases. For the following reasons, the Court will grant Keyes leave to proceed *in forma pauperis* in these three cases and dismiss the Complaints.

9

## II. STANDARD OF REVIEW

The Court will grant Keyes leave to proceed *in forma pauperis* in the above cases, because it appears that she is not capable of paying the fees to commence these actions in light of the fact that she is homeless. Accordingly, the Court is required to screen Keyes' Complaints under 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaints if, among other things, they are frivolous, malicious, or fail to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

"A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012). Additionally, "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Keyes is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Keyes' Allegations are Frivolous, Malicious, and Fail to State a Claim

Keyes' Complaints are difficult to read because of her handwriting. They are also challenging to understand. In several instances, she has named individuals or entities as Defendants without explaining what those Defendants did that would render them liable to her.

In Civil Action Number 18-4672, Keyes fails to raise any allegations against this Court, Judge Harris, and Chief Judge Sánchez in the body of her Complaint, even though she identifies those individuals as Defendants in the caption of her Complaint. Likewise, in Civil Action Number 18-4699, she fails to mention seven of the eleven named Defendants in the body of her Complaint. Keyes has therefore failed to set forth a basis explaining how many of the Defendants named in these matters are liable to her.

Moreover, many of Keyes' claims, like in her other lawsuits, are simply factually frivolous. For example, Keyes claims that President Trump "went against the 13[th] Amendment" apparently by committing "violence against [her] for being black and a Christian." (Civ. A. No. 18-4672 Compl. ECF No. 2 at 5.) She claims that President Trump tried to run her over, jailed her uncle, tried to have her arrested, and is involved in "gangs such as Mafia, Ku Klux Klan which and who are called illuminati." (*Id.* at 6.) Keyes also contends that President Trump hates her because she is black and caused her to be homeless. Such claims are primarily based upon Keyes' paranoid, irrational thoughts and therefore will be dismissed as factually frivolous. Moreover, it is apparent that Keyes has filed claims related to her Nassau County

11

proceeding in this Court because of her desire to avoid the Eastern District of New York's injunction against her. Such behavior is clearly abusive of the judicial process.

Overall, Keyes' Complaints generally focus on her belief that she has been subjected to racial abuse and discrimination, particularly in her pending state criminal proceedings. As in her other lawsuits, she requests that the bench warrant be vacated and that her pending criminal proceedings be transferred to this Court. In Civil Action Number 18-4710, she suggests that Judge McHugh committed "racial abuse" by denying her relief in Civil Action Numbers 18-4670, 18-4671, and 18-4692 because of "the color of [her] skin." (Civ. A. No. 18-4710, Compl. ECF No. 2 at 6.) The Court addresses these claims below.

### B. Requests to Vacate Bench Warrant and Transfer Criminal Case

As Judge Rufe has previously explained to Keyes, the Court cannot vacate the bench warrant issued against Keyes or accept jurisdiction over her criminal case because a federal court generally may not intervene in state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Duran v. Weeks*, 399 F. App'x 756, 758–59 (3d Cir. 2010) (per curiam) ("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for *Younger* abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate."). Moreover, if Keyes is trying to remove her state criminal proceedings to this Court pursuant to 28 U.S.C. § 1443, that statute limits removal "by the defendant to the district court of the United States for the district and division embracing the place wherein [the case] is pending." Therefore, even if Keyes could establish a basis for removing her criminal proceedings to federal court, the United States District Court for the Eastern District of New York would be the proper federal court in which to proceed. *See* 28 U.S.C. § 112(c) (noting that Nassau County is within the Eastern District of New York).

Therefore, once again, the Court cannot accept a transfer of Keyes' criminal proceedings and cannot vacate the bench warrant pending against her.

### C. Claims Against the Judge, Prosecutor, and Counsel in Nassau County Proceeding

It appears that some of Keyes' Complaints repeat allegations raised in the cases addressed by Judge Rufe. Not only are any claims based on those allegations subject to dismissal as repetitive, but they fail for the same reasons. It appears that Keyes is again raising claims against Judge Harris based on the Judge's issuance of a bench warrant or for other decisions the Judge made while presiding over Keyes' case in Nassau County. Judges, however, are entitled to absolute immunity from civil rights claims based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Accordingly, Judge Harris is entitled to absolute judicial immunity from any civil rights claims based on how she handled Keyes' case. The Court cannot discern any other basis for a legitimate claim against Judge Harris.

It appears that Keyes named Groder, her attorney, as a Defendant because she believes he did not help her or adequately represent her. To the extent Keyes is raising constitutional claims against Groder pursuant to 42 U.S.C. § 1983, Keyes cannot maintain those claims because Groder is not a state actor subject to liability pursuant to that statute. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Nor is there any other basis for a claim against Groder.

Although unclear, it appears that in Civil Action Number 18-4699, Keyes named Warren Truver as a Defendant because he may be the prosecutor in her Nassau County case. If Keyes is claiming that the prosecutor violated her constitutional rights by prosecuting her, her claims fail because prosecutors are entitled to absolute prosecutorial immunity for acts "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). As with the other Defendants, the Court cannot discern any viable claim against this individual.

### D. Claims Against this Court and Judge McHugh

Keyes has named this Court as a Defendant in Civil Action Numbers. 18-4672 and 18-4710. However, this Court is part of the judicial branch of the federal government and is therefore entitled to sovereign immunity absent a waiver. *See Alston v. Admin. Offices of Delaware Courts*, 663 F. App'x 105, 108 (3d Cir. 2016) (per curiam) ("The USBCDD is part of the judicial branch of the Federal Government and, absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (quotations and alteration omitted)). As no such waiver exists here, Keyes' claims against this Court will be dismissed.

In Civil Action Number 18-4710, Keyes faults Judge McHugh for ruling against her in Civil Action Numbers 18-4670, 18-4671, and 18-4692, based upon "the color of [her] skin." (Civ. A. No. 18-4710, Compl. ECF No. 2 at 6.) She also alleges that Judge McHugh "ha[s] decided to carry out Ku Klux Klan behavior as being a Ku Klux Klan in the court." (*Id.* at 7.) Keyes' allegations against Judge McHugh are primarily based upon her irrational thoughts. Moreover, Judge McHugh is entitled to judicial immunity because Keyes' claims against him are based on the manner in which Judge McHugh handled preliminary matters in Civil Action Numbers 18-4670, 18-4671, and 18-4692. *See Stump v. Sparkman*, 435 U.S. 349, 355-56

(1978); *Soto v. Sleet*, 458 F. App'x 89, 90 (3d Cir. 2012) (per curiam). Accordingly, there is no legal basis for Keyes' lawsuit against Judge McHugh.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Keyes leave to proceed *in forma pauperis* and dismiss her Complaints in Civil Action Numbers 18-4672, 18-4699, and 18-4710. Keyes will not be given leave to amend because amendment would be futile. Any pending motions in these cases will be denied. An appropriate Order follows.

BY THE COURT:

_____
CHAD F. KENNEY, J.